**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv146
[CRIMINAL CASE NO. 1:08cr63]**

| | |
|---|---|
| PEDRO FREY-HUERTA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on an initial review of the Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Or Correct Sentence, filed July 13, 2010 [Doc. 1]. No response is necessary from the Government.

### I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reflects that on August 21, 2008, the Petitioner pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841. [Criminal Case No. 1:08cr63, Doc. 113]. On January 29, 2009, the Court sentenced the Petitioner to 80 months' imprisonment to be followed by five years of

supervised release. [Id., Doc. 175]. The Court's Judgment was entered on February 3, 2009. [Id.]. No appeal was taken.

Instead, on July 13, 2010, the Petitioner filed the instant Motion to Vacate arguing, among other matters, that he should be permitted to proceed with his "out-of-time" Motion pursuant to the principles of equitable tolling. [Doc. 1-1 at 3-4].

## II.  LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" promptly in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that the Petitioner is not entitled to any relief on his claims.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As the Court previously indicated, the Petitioner's conviction and sentence was imposed by a Judgment entered February 3, 2009, and no appeal was taken. Consequently, the Court's Judgment became final 10 business days after its entry, i.e., on February 18, 2009. See Fed. R. App. P. 4(b)(1)(A)(1) and (6) (2009) (then providing a 10-day period after entry of Judgment in criminal docket for giving notice of appeal); Fed. R. App. P. 26(a)(2) (2009) (then excluding intermediate Saturdays, Sundays and legal

3

holidays from computation of filing deadlines when the period is less than 11 days); see also Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) (holding that federal criminal defendant's judgment becomes final at expiration of period during which he could have filed certiorari petition); United States v. McDonald, 64 F. App'x 359, 361 (4th Cir. 2003) (relying upon Clay to reverse dismissal of § 2255 motion for untimeliness due to district court's failure to include 90-day certiorari period in calculation of AEDPA deadline). Thus, in the absence of any intervening circumstances, the Petitioner had up to and including February 18, 2010, in which to file the instant Motion to Vacate.

The Petitioner did not meet his one-year filing deadline; however, he has attempted to articulate a specific reason for the Court to construe his Motion as timely filed.[1] Such explanation, however, is insufficient under the circumstances of this case.

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). In Hill, the Court concluded, in the context of a § 2254 petition, that "when a federal habeas court, prior to trial, perceives a pro se [petition or motion to vacate] to be untimely and the [government] has not filed a motion to dismiss based upon the one-year limitations period, the court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." Id. at 707. Because the Petitioner clearly was aware of his obligation to establish the timeliness of his Petition, and has attempted to do so, however, the Court finds that no further notice of an opportunity for a response is required for the Petitioner.

4

Specifically, Petitioner argues that his limitations period should be tolled for some unspecified time due to his counsel's failure to honor his request for a direct appeal. The Petitioner contends that immediately after sentencing and again as he was being led out of the courtroom, he informed his counsel that he wanted to file an appeal. [Doc. 1-1 at 1-2, and 7]. The Petitioner further asserts that during his incarceration, he was transferred at least once, was held in special housing for a period of time while awaiting bed space and was placed on lock down for almost three months due to a prison rebellion. The Petitioner alleges that he wrote to his counsel four times but received no response and that various family members attempted to contact counsel but were not successful. Finally, the Petitioner asserts that he was not aware there was a statute of limitations concerning the filing of a § 2255 motion. [Id at 2]. The Petitioner argues that he should be given the benefit of equitable tolling because of these "extraordinary circumstances that are beyond his control and unavoidable even with due dilligency [sic]." [Id at 4].

While it is well settled that courts have the authority to toll the limitations period on equitable grounds, the Petitioner's stated reasons for the untimely filing of his Motion to Vacate do not warrant equitable tolling.

5

In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while the limitation period of § 2255 is subject to equitable tolling, such measure is an extraordinary remedy that is sparingly granted. Id. at 688. Equitable tolling is reserved for those situations where "it would be unconscionable to enforce the limitation period against the party" and, if enforced, "gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Thus, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (discussing tolling requirements); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (same).

At its core, the Petitioner's argument is that his delay in filing his Motion to Vacate should be excused on the basis of his untimely discovery of his counsel's failure to file the requested appeal. Even assuming that Petitioner actually did request an appeal, however, there is simply no reason why he could not have, through due diligence, discovered counsel's failure to file the appeal before the expiration of his one-year deadline. To

be sure, the Petitioner's inability, as well as his families' inability, to contact his counsel should have put him on notice that something was amiss with the requested appeal, and that further inquiry was necessary to address his concerns. Had Petitioner been reasonably diligent, there would have been nothing to prevent him from timely discovering the absence of an appeal, the running of his one-year limitations period, and the need to take immediate action to protect his collateral rights. While it is without question that Petitioner had the right to delay his efforts to discover this information, it is equally clear that he alone must bear responsibility for the resulting consequences of that delay. The fact that he concedes he was unaware of the time limitations does not help him and will not save his motion. See Harris, 209 F.3d at 330-31; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."). Ultimately, the Court cannot condone the Petitioner's inaction by equitably tolling any portion of his one-year limitation period.

For the foregoing reasons, this Court concludes that Petitioner's Motion to Vacate is untimely filed, and that he has failed to establish that

7

he is entitled to any modification of the limitations period or an extension of his deadline by equitable tolling. Therefore, the Petitioner's Motion to Vacate must be dismissed.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court declines to issue a certificate of appealability as the Petitioner will not be able to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

**IT IS SO ORDERED.**

Signed: August 3, 2010

Martin Reidinger
United States District Judge